**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO. 8:09-CV-185-T-33TGW**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLYN L. JACKSON, | ) |
| | ) |
| Defendant(s), | ) |
| | ) |
| And | ) |
| | ) |
| METLIFE INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Garnishee | ) |
| | ) |

**APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**

The United States of America, plaintiff, makes application in accordance with 28 U.S.C. § 3205(b)(1) to the Clerk of the United States District Court to issue a Writ of Garnishment upon the judgment entered against the Defendant(s) CAROLYN L. JACKSON, Social Security number ███-██-████, whose last known address is: 20002 Pergola Bend Lane, Tampa, Florida 33647, in the above-cited action in the amount of $803,715.30, and post-judgment interest at the rate of 5.70%, compounded annually.

Demand for payment of the above-stated debt was made upon the debtor not less than 30 days from February 10, 2009, and debtor has failed to satisfy the debt.

The Garnishee is believed to owe or will owe money or property to the judgment debtor, or is in possession of property of the debtor, and said property is a nonexempt interest of the debtor.

The name and address of the Garnishee or his authorized agent is:

METLIFE INSURANCE COMPANY
c/o Brian Kehoe, General Counsel
Authorized to accept service
1095 Avenue of the Americas
New York, NY 10036

Dated: February 10th, 2009          Respectfully submitted,
       Miami, Florida

_____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of
America

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO. 8:09-CV-185-T-33TGW**

UNITED STATES OF AMERICA,                          )
                                                   )
        Plaintiff,                                )
                                                   )
v.                                                 )
                                                   )
CAROLYN L. JACKSON,                                )
                                                   )
        Defendant(s),                             )
                                                   )
        And                                       )
                                                   )
METLIFE INSURANCE COMPANY,                         )
                                                   )
        Garnishee                                 )
_____            )

**WRIT OF CONTINUING GARNISHMENT**

GREETINGS TO:      METLIFE INSURANCE COMPANY
                      c/o Brian Kehoe, General Counsel
                      Authorized to accept service
                      1095 Avenue of the Americas
                      New York, NY 10036

An application for a Writ of Garnishment against the property of  CAROLYN L. JACKSON, defendant, has been filed with this Court.  A judgment has been entered against the above-named defendant in the amount of $803,715.30, plus costs and interest, computed through  February 10, 2009.

You are required by law to answer in writing, under oath, within twenty (20) days, whether or not you have in your custody, control or possession, any property owned by the debtor, including non-exempt, disposable earnings.

Please state whether or not you anticipate paying the debtor any future payments and whether such payments are weekly, bi-weekly, or monthly.

You must file the original written answer to this writ within twenty (20) days of your receipt of this writ with the United States District Clerk at:

U.S. District Courthouse
801 North Florida Avenue
Tampa, FL 33602

Additionally, you are required by law to serve a copy of this writ upon the debtor to:

Kristine Marie Shryock, Esq. at 75 East 55th Street, New York, NY 10022, Morris W. Macey,

Esq. at 230 Peachtree Street, Suite 2700 (27th Floor), Atlanta, GA 30303  and upon Steve M.

Davis, Esq., Becker & Poliakoff, P.A., 121 Alhambra Plaza, Alhambra Towers - 10th Floor, Coral

Gables, FL  33134.

Under the law, there is property which is exempt from this writ of Garnishment.  Property

which is exempt and which is not subject to this order is listed on the attached Claim for

Exemption form.

Pursuant to 15 U.S.C. §1674. Garnishee is prohibited from discharging the defendant

from employment by reason of the fact that his earnings have been subject to garnishment for any

one indebtedness.

If you fail to answer this writ or withhold property in accordance with this writ, the

United States of America may petition the Court for an order requiring you to appear before the

Court.  If you fail to appear or do appear and fail to show good cause why you failed to comply

with this writ, the Court may enter a judgment against you for the value of the debtor's

non-exempt property.  It is unlawful to pay or deliver to the defendant any item attached by this

writ.

Dated: _____ day of _____, 2009.

_____
Sheryl L. Loesch
Clerk, U.S. District Court

(f)___ $1,750 of equity in professional books, implements or tools, of your trade or your dependant's trade.

(g)___ Any unmatured life insurance contract you own, other than credit life insurance.

(h)___ The aggregate value, up to $9,300, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

(i)___ Professionally prescribed health aids for you or your dependants.

(j)___ Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

(k)___ A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(i)-(iii).

(l)___ Your right to receive, or property that is traceable to,
-an award under a crime victim's reparation law;
-a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;
-a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;
-a payment, not to exceed $17,425, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;
-a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.

_____ 8.   Compensation for war risk hazards (42 U.S.C. §1717).

MAJOR EXEMPTIONS UNDER STATE LAW

NOTE:   The law of the state where you have been domiciled for at least 180 days governs your rights.

NOTE:   If you have selected the Bankruptcy Code exemptions
• (line 7 above), you may not also claim the state law exemptions listed below.  Exemptions provided by New York state Law are as follows:

NOTE:   If you have selected the Bankruptcy Code exemptions
• (line 7 above), you may not also claim the state law exemptions listed below.  Exemptions provided by
New York state Law are as follows:

_____  9.      Personal property, certain household property furnishings, certain animals up to $450 in
value, wearing apparel, certain jewelry up to $35 in value, certain tools of trade up to
$600 in value, certain property damage causes of action, certain property held in trust,
certain retirement plans, certain insurance contracts and annuities, certain trust income,
certain percentages of wage income, spousal and child support order income, income for
military service, milk sale proceeds, certain rental and utility security deposits, certain
medical equipment.

Property claimed:                Fair Market Value
                                 $_____
_____            $_____
_____            $_____
_____

_____  10.     Real property up to $10,000 in value, the equity in land with a dwelling, cooperative
apartment, stock shares, condominium units, or a mobile home, certain burial plots.

Address of          Fair Market
Real Property       Value         Liens          Equity

_____  $_____  $_____    $_____

_____  11.     Other. Describe basis of claim and property.

The statements made in this claim of entitlement of exemptions and request for hearing as to exemption
entitlement and fair market value of the property designated are made and declared under penalty of
perjury that they are true and correct.  I hereby request a court hearing to decide the validity of my claims.
Notice of the hearing should be given to me by mail at:

_____or telephonically at_____
            Address                                 Phone no.

_____    _____
Debtor's printed or typed name              Signature of Debtor Date

## IMPORTANT STATEMENT

This wage garnishment directs the withholding of up to 25 percent of the judgment debtor's disposable income.  In certain cases, however, federal law does not permit the withholding of that much of the debtor's disposable income.  The judgment debtor is referred to the 15 United States Code '1671, et seq.

### I.  Limitations on the amount that can be withheld

A.  If judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($4.25 per hour), or $127.50, no deduction can be made under this wage garnishment.

B.  A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the current federal minimum wage ($4.25 per hour), or $127.50 under this wage garnishment.

C.  If deductions are being made from a judgment debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deductions can be made under this wage garnishment.

D.  If deductions are being made from a judgment debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's disposable earnings, deductions may be made under the wage garnishment.  However, the amount arrived at by adding the deductions made under this execution to the deductions made under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five (25%) of the judgment debtor's disposable earnings.

**NOTE:  Nothing in this office limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

### II.  Explanation of limitations

**Definitions**

**Disposable Earnings-** Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income -** Gross income is salary, wages or other income including any and all overtime earnings, commissions and income from trusts, before any deductions are made from such income.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO. 8:09-CV-185-T-33TGW**

UNITED STATES OF AMERICA,                          )
                                                    )
                    Plaintiff,                      )
                                                    )
v.                                                  )
                                                    )
  CAROLYN L. JACKSON,                               )
                                                    )
                    Defendant(s),                   )
                                                    )
                    And                             )
                                                    )
METLIFE INSURANCE COMPANY,                          )
                                                    )
_____Garnishee_____)

TO:      METLIFE INSURANCE COMPANY
         c/o Brian Kehoe, General Counsel
         Authorized to accept service
         1095 Avenue of the Americas
         New York, NY 10036

**INSTRUCTIONS TO THE GARNISHEE**

Attached is a Writ of Garnishment requesting that you determine whether or not you have in your possession, custody or control any of the property of the debtor listed therein, or any other property of the debtor. You are required by law to serve a written answer to this writ within 20 days of your receipt of this writ. You are further required to withhold and retain any property in which the debtor has a substantial non-exempt interest. A list of exemptions which are not subject to the Writ of Garnishment is attached to the Writ, entitled Claim for Exemption form.

**IF YOU FAIL TO ANSWER THIS WRIT OR TO WITHHOLD PROPERTY IN ACCORDANCE WITH THE WRIT, THE COURT MAY MAKE YOU LIABLE FOR THAT AMOUNT OF THE DEBTOR'S NON-EXEMPT PROPERTY WHICH YOU FAILED TO WITHHOLD. ADDITIONALLY, YOU MAY BE HELD LIABLE FOR A REASONABLE ATTORNEY'S FEE TO THE UNITED STATES OF AMERICA IF THE UNITED STATES**

**FILES A PETITION TO THE COURT REQUESTING AN EXPLANATION FOR YOUR FAILURE TO COMPLY WITH THIS WRIT.**

If you have any additional questions, please call Steven  M. Davis, Attorney for the United States of America at (305) 262-4433, or by mail to:

> Becker & Poliakoff, P.A.
> 121 Alhambra Plaza
> Alhambra Towers - 10th Floor
> Coral Gables, FL 33134
> Attn: Steven M. Davis

Dated: February 10th, 2009
      Miami, Florida

Respectfully submitted,

_____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America